IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SAMUEL SEAY**                                                                                     **PLAINTIFF**

**V.**                                                                              **NO. 3:20-CV-265-DMB-RP**

**INSTITUTION OF HIGHER
LEARNING, et al.**                                                                              **DEFENDANTS**

## ORDER

Samuel Seay claims that various entities and individuals associated with the University of Mississippi are liable to him for disability discrimination, violations of his constitutional rights, slander, libel, defamation, and conspiracy because they allegedly told him to cease further contact with, and never return to, the Inn at Ole Miss. The defendants move to dismiss Seay's complaint for lack of subject matter jurisdiction as to certain claims and for failure to state a claim. Because the Court concludes that certain defendants are entitled to sovereign immunity, and that Seay has otherwise failed to allege sufficient facts to support an ADA claim or a constitutional violation, his federal claims will be dismissed. Absent any valid federal claims, the Court declines to exercise supplemental jurisdiction over Seay's state law claims.

## I
## Procedural History

On September 24, 2020, Samuel Seay filed a complaint in the United States District Court for the Northern District of Mississippi against Institution of Higher Learning; University of Mississippi; University of Mississippi Police Department; Inn at Ole Miss; University of Mississippi Alumni Association; Kirk Purdom; Chief Ray Hawkins; and John Does I-XX.[1] Doc.

---

[1] The complaint does not specify in what capacity the individual defendants are named. Doc. #1. However, the language of the complaint implies claims against them in both their official and individual capacities. *See id.* at ¶ 32 (referring to Purdom and Hawkins as "acting individually and as a representative of the University of Mississippi").

#1. The complaint alleges discrimination claims under the Americans with Disabilities Act ("ADA") and claims under 42 U.S.C. § 1983 for deprivation of Seay's "constitutional rights of due process, rights to confront his accusers and other constitutional rights." *Id.* at 5. Seay also alleges that Purdom "did slander, libel and defame" him and that all of the defendants "conspired together to falsely accuse [him] of stalking." *Id.* Though not specifying the amount and type of damages he seeks, Seay contends the defendants "caused damage to [him] in an amount to be shown at a trial" and "demands Judgment jointly and severally against the Defendants." *Id.* at 6.

The Alumni Association answered the complaint on December 2, 2020.[2] Doc. #21. The same day,[3] the Board of Trustees of State Institutions of Higher Learning ("IHL Board"), the University,[4] Purdom, and Hawkins (collectively, "University Defendants") filed a motion to dismiss Seay's complaint for lack of subject matter jurisdiction and failure to state a claim. Doc. #22. The next day, the Alumni Association joined[5] the motion to dismiss, asking that the Court dismiss Seay's "ADA, due process, Sixth Amendment, and defamation claims against it." Doc. #24.

On January 19, 2021, Seay docketed as a response to the motion to dismiss a document titled, "Motion for Leave to Amend Complaint in Response to Defendants' Motion to Dismiss."

---

[2] The Alumni Association was granted a requested extension to respond to the complaint. Doc. #18.

[3] These defendants also received an extension to respond to the complaint. Doc. #19.

[4] Although Seay's complaint lists the University Police Department and the Inn as separate entities, the University Defendants assert that "both are operations or enterprises of the University of Mississippi and are not independent entities capable of suing and being sued." Doc. #23 at 1 n.1. This assertion is supported by Seay's allegations in the complaint that both the Police Department and the Inn are "branch[es] of the University of Mississippi." Doc. #1 at 2. Accordingly, claims against the Inn and the Police Department are properly considered claims against the University.

[5] "Specifically, the Alumni Association joins and hereby adopts and incorporates by reference the Third (*Seay has failed to adequately allege an ADA claim*), Fourth (*Seay has failed to adequately allege a due process claim*), Fifth (*Seay had no constitutional right to confrontation*), Eighth (*Seay has failed to state a claim for defamation*, and Tenth (*Seay's Complaint is an impermissible "shotgun pleading"*) arguments, including the assertions, authorities, and positions contained therein, in the Memorandum Brief as if it were the Alumni Association's own." Doc. #24 at 1–2.

Doc. #29. At the Clerk of Court's instruction to correct the filing error, Seay filed a separate motion to amend his complaint.[6] Doc. #30. The University Defendants filed a reply in support of their motion to dismiss on January 26, 2021. Doc. #31.

On February 9, 2021, United States Magistrate Judge Roy Percy denied Seay's motion to amend without prejudice because Seay "failed to attach a copy of the proposed amended complaint as required by Local Uniform Civil Rule 15."[7] Doc. #36. Judge Percy's order observed that "[t]his deficiency was pointed out in the defendants' response in opposition to the motion, and the plaintiff has replied, yet he still has not corrected the deficiency." *Id.* Since then, Seay has not sought to remedy this procedural error.

## II
## Standard of Review

Motions under Federal Rule of Civil Procedure 12(b)(1) challenge a court's subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) is characterized as either "facial" or "factual." *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). "Where, as here, the movant mounts a facial attack on jurisdiction based only on the allegations in the complaint, the court simply considers the sufficiency of the allegations in the complaint because they are presumed to be true." *Lee v. Verizon Commc'ns., Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (internal quotation marks omitted).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6),[8] "a complaint must allege more than labels and conclusions, as a formulaic recitation of the elements

---

[6] Seay never filed a substantive response to the motion to dismiss.

[7] Seay's motion to amend also violated Local Rule 7's mandate that "a motion may not exceed four pages, excluding exhibits, … and may not contain legal argument or citations to case law." L.U. Civ. R. 7(b)(2)(B).

[8] Because the Alumni Association filed an answer, its motion is properly reviewed under Rule 12(c). *Triplett v. LeBlanc*, 642 F. App'x 457, 459 (5th Cir. 2016). However, "[a] Rule 12(c) motion is subject to the same standard as a motion to dismiss under FRCP 12(b)(6)." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019).

3

of a cause of action will not do. It must state a plausible claim for relief, rather than facts merely consistent with liability." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (cleaned up). A court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* However, it may not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*

**III**
**Factual Allegations**

On September 6, 2019, Seay, believing he had left his car keys in a vehicle that had traveled from Jackson to Oxford, called the Inn to get information regarding taxi services that might be able to deliver the keys from Oxford to Jackson. Doc. #1 at 2. Morgan Beagle answered the phone and offered to arrange to have a friend, Audra Hart, deliver the keys. *Id.* at 3. Ultimately, Seay did not require Hart's help but wanted to thank both Hart and Beagle for their assistance. *Id.* He went to Oxford the next day and gave Hart a cross and $100 each for her and Beagle, along with a thank you card for both women. *Id.* Hart sent Seay a note thanking him for the gift and Beagle texted him to thank him as well. *Id.*

The following weekend, Seay again traveled to Oxford. *Id.* After arriving at the Inn at 1:00 a.m., he "left $200 in cash [and] a thank you note with an African American student named Hillary." *Id.* He also "left a sack for Mr. and Mrs. Clark with crosses for their grandchildren and another sack for a friend." *Id.*

On September 25, 2019, University Police Department Lieutenant Jeremy Cook called Seay to tell him that he should stop all contact with Beagle. *Id.* at 4. Cook told Seay that "a report had been made that [Seay] was making Miss Beagle uncomfortable." *Id.* Seay told Cook that he could not control if Beagle answered the phone when he called the Inn to make reservations but "he would make his reservations with Leena." *Id.*

4

The next day, Cook received an e-mail from Purdom, "Executive Director of the Alumni Association, stating that [Seay] was calling 30-40 times a day … and that Leena couldn't get her work done because [Seay] was constantly calling." *Id.* On September 27, 2019, Cook again called Seay to inform him that "his services were not needed at the Inn and to stop calling under threats of criminal prosecution." *Id.*

## IV
## **Jurisdiction**

In the motion to dismiss, the University Defendants argue that "[t]he Eleventh Amendment bars Seay's claims against the University, the IHL Board, and the Individual Defendants sued in their official capacities." Doc. #23 at 4. Seay responds that "the Eleventh Amendment does not offer such blanket protection to the Defendants as claimed." Doc. #29 at PageID 104.

"The purpose of the Eleventh Amendment is to recognize state sovereignty by shielding states, absent their consent or an explicit act of Congress, from money judgments assessed in federal court." *Stratta v. Roe*, 961 F.3d 340, 350 (5th Cir. 2020). "Pursuant to the Eleventh Amendment, a state's sovereign immunity in federal court extends to private suits against state agencies, state departments, and other arms of the state." *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 273 (5th Cir. 2020). As a result of this immunity, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015).

There is no doubt that the University and the IHL Board are arms of the state entitled to sovereign immunity. *See McNair v. Mississippi*, 43 F. Supp. 3d 679, 686–87 (N.D. Miss. 2014) (collecting cases). Sovereign immunity also bars claims against the individual defendants in their

official capacity.⁹ *Spec's Fam. Partners, Ltd. v. Nettles*, 972 F.3d 671, 681 (5th Cir. 2020). Thus, as to such claims, unless Congress has clearly abrogated sovereign immunity or Mississippi has waived it, this Court lacks jurisdiction.

"Congress has not abrogated state sovereign immunity under § 1983." *Spec's Fam. Partners*, 972 F.3d at 681. "Mississippi also has not waived its state sovereign immunity and consented to suit in federal court." *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020) (citing Miss. Code Ann. § 11-46-5(4)). Thus, with respect to Seay's § 1983 constitutional violation claims and his state law claims against the IHL Board, the University, and the individual defendants in their official capacity, the Court lacks jurisdiction.

As for Seay's ADA claims, the Court must determine whether Congress has abrogated the defendants' sovereign immunity. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

> In *United States v. Georgia*, the Supreme Court established a three-part test for addressing whether Title II validly abrogates state sovereign immunity in a given case. A court should consider "which aspects of the State's alleged conduct violated Title II" and then determine "to what extent such misconduct also violated the Fourteenth Amendment." If the State's conduct violated both Title II and the Fourteenth Amendment, Title II validly abrogates state sovereign immunity. If the State's conduct violated Title II but did not violate the Fourteenth Amendment, the court must then determine "whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid."

*Hale v. King*, 642 F.3d 492, 497–98 (5th Cir. 2011) (footnotes omitted).

A court should apply a Rule 12(b)(6) standard to determine whether a plaintiff has stated a

---

⁹ To the extent Seay argues the *Ex Parte Young* exception should apply, *see* Doc. #29 at PageID 105, because the current complaint does not seek injunctive relief as to the individual defendants, the *Ex Parte Young* exception is inapplicable. *May v. N. Tex. State Hosp.*, 351 F. App'x 879, 880 (5th Cir. 2009).

claim for relief under Title II. *Id.* at 498. To state a claim for relief under Title II, a plaintiff must allege "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Id.* at 499.

Although Seay alleges that he is "a member of the class protected by the Americans with Disabilities Act,"[10] his complaint fails to specify what his alleged disability is so as to allow the Court to determine whether he has a qualifying disability under the ADA. Nor does Seay's complaint provide any facts linking the defendants' alleged actions to his alleged disability. These pleading deficiencies render the complaint insufficient to state an ADA claim. Because Seay has failed to state a claim for relief under Title II, the IHL Board, the University, and the individual defendants in their official capacities are entitled to Eleventh Amendment immunity on his ADA claims. *Block v. Tex. Bd. of L. Examiners*, 952 F.3d 613, 619 (5th Cir. 2020). Thus, the Court lacks jurisdiction over such claims.[11]

## V
## Federal Claims

In addition to their jurisdictional challenge, the defendants argue that Seay's federal claims must be dismissed under Rule 12(b)(6) because "he fails to adequately state any claim for relief." Doc. #23 at 1.

### A. ADA Claim

The defendants argue that Seay has failed to state a claim under the ADA because (1)

---

[10] Doc. #1 at 1.

[11] Because the Court has determined it lacks jurisdiction over the claims against the University and the IHL Board, it need not address these parties' arguments that Seay's § 1983 claims are "barred because they are not 'persons' under [the] statute." Doc. #23 at 6.

"Seay's Complaint is completely silent as to any purported disability," Doc. #23 at 9; (2) "Seay does not identify the specific service, program, or activity from which he claims he was denied participation, and he does not articulate why he was otherwise qualified for participation absent his disability," *id.* at 10; and (3) Seay failed to "allege that any of the Defendants were aware of any disability," *id.* at 11. For the same reasons explained above, Seay's ADA claims fail.

### B. Due Process Claim

The defendants argue that Seay has not adequately alleged a due process claim because he "fails to identify any constitutionally-protected property or liberty interest that he was denied" and, to the extent his claim is based on his allegation that the defendants "ordered him to have no further contact with anyone at the Inn or Alumni Association of the University of Mississippi and further ordered him to never enter the Inn at the University of Mississippi again,"[12] Seay does not have a "constitutionally-protected right to enter the Inn at Ole Miss, and his ban from continued use of the University's facilities [is] insufficient to give rise to a due process claim." Doc. #23 at 12. Seay asserts that the defendants "unlawfully constrain[ed] his liberties guaranteed by the Fourteenth Amendment without providing Seay any actual form of due process prior to its imposition." Doc. #29 at PageID 105.

"The guarantee of due process enshrined in the Fourteenth Amendment has two components – (1) a guarantee of procedural protections when a state seeks to deprive an individual of protected liberty or property interests, and (2) a substantive protection against conduct that 'shocks the conscience.'" *Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2016). Here, Seay appears to challenge the defendants' attempt to ban him from the Inn.

"[S]everal federal courts have held that a public university is not required to allow the

---

[12] Doc. #1 at 5.

8

public unfettered access to its premises, regardless of their conduct." *Profita v. Puckett*, No. 15-cv-1237, 2017 WL 1491003, at *16 (D. Colo. Apr. 25, 2017) (citing *Souders v. Lucero*, 196 F.3d 1040, 1044 (9th Cir. 1999)) (collecting cases); *see Williams v. Univ. of Hous. Downtown Police Dept.*, No. 18-3712, 2019 WL 2931669, at *3 (S.D. Tex. June 18, 2019) (denying leave to amend because plaintiff's allegations that she was told not to return to campus "failed to allege … an injury to a federally-protected right") (*citing Souders*, 196 F.3d at 1045–46). To the extent Seay may claim he has a liberty interest in contacting the Inn and its employees, it is unlikely such an interest exists. *See Doherty v. Bice*, No. 18-CV-10898, 2020 WL 5548790, at *5 (S.D.N.Y. Sept. 16, 2020) ("a no-contact order does not implicate a substantial property or liberty interest") (quoting *Haidak v. Univ. of Massachusetts-Amherst*, 933 F.3d 56 (1st Cir. 2019)). As Seay has failed to allege the deprivation of a federally-protected right, he has failed to state a due process claim.

### C. Right to Confrontation

The defendants argue that "Seay's 'rights to confront his accusers' claim must be dismissed" because the Sixth Amendment's Confrontation Clause "applies only to criminal proceedings and has no bearing here." Doc. #23 at 13. Seay does not address this argument in his response. Doc. #29. Seay's failure to respond amounts to an abandonment of this claim. *See City of Canton v. Nissan N. Am., Inc.*, 870 F. Supp 2d 430, 437 (S.D. Miss. 2012) ("Failure to address a claim results in the abandonment thereof."). This abandoned claim is properly dismissed.

### D. Qualified Immunity

The University Defendants assert that Hawkins and Purdom are entitled to qualified immunity for Seay's constitutional claims against them. Because the Court has already concluded that Seay "failed to allege a constitutional violation, [it] need not address whether [the defendants]

9

were entitled to qualified immunity." *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017).

### E. Summary

Because Seay has failed to allege sufficient facts to state a claim for a violation of his rights under the ADA or § 1983, such claims will be dismissed. However, because it is not clear that the pleading defects as to his federal claims are incurable or that Seay is unwilling or unable to amend his complaint in a manner that would avoid dismissal, dismissal will be without prejudice to Seay seeking leave to amend. *See DZ Jewelry, LLC v. Certain Underwriters at Lloyds London*, __ F. Supp. 3d __, 2021 WL 1232778, at *7 (S.D. Tex. Mar. 12, 2021) (granting motion to dismiss without prejudice and allowing plaintiff leave to amend, explaining that "[w]hen a complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend before dismissal with prejudice").

## VI
## State Law Claims

The defendants argue that Seay's defamation claim[13] fails because Seay did not allege that the statements made were false and defamatory, and that "Purdom's actions in reporting Seay's conduct to the police department, as well as Officer Cook's actions in responding to a complaint, are privileged based even on the allegations of the Complaint." Doc. #23 at 18–19.

Having determined that Seay's ADA and § 1983 claims will be dismissed, no federal question will remain. Because diversity jurisdiction does not exist as the parties are not diverse, the Court, as a discretionary matter, must decide whether to exercise supplemental jurisdiction over the state law claims. *See Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016).

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides:

---

[13] The defendants do not specifically address Seay's additional state law claims except to assert that "the analysis of Seay's libel claim, to the extent one may be stated, is identical to his defamation claim." Doc. #23 at 16 n.17.

> The district courts may decline to exercise supplemental jurisdiction ... [if] (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Courts in the Fifth Circuit treat the four circumstances enumerated in § 1367 as "statutory factors" to consider when evaluating supplemental jurisdiction. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Watson v. City of Allen*, 821 F.3d 634, 642 (5th Cir. 2016).

Because the Court has determined that Seay's federal question claims will be dismissed, leaving only state law claims, the Court declines to exercise supplemental jurisdiction over the state law claims and they will be dismissed without prejudice. *See United States v. Cath. Health Initiatives*, 312 F. Supp. 3d 584, 605–06 (S.D. Tex. 2018) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999)) (when court declines to exercise supplemental jurisdiction, dismissal of state claims should be without prejudice).

## VII
## Conclusion

The University Defendants' motion to dismiss [22] is **GRANTED** such that (1) the IHL Board, the University, and the individual defendants in their official capacity are **DISMISSED without prejudice**;[14] and (2) Seay's ADA claims, § 1983 claims, and state law claims against

---

[14] The Fifth Circuit has affirmed with prejudice dismissals based on the doctrine of sovereign immunity. *See, e.g., Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1053 (5th Cir. 1998); *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 530 (5th Cir. 1992) (foreign sovereign immunity case). However, none of these opinions appear to have directly addressed the propriety of a with prejudice dismissal. The Fifth Circuit opinions directly addressing the issue have held that a dismissal for sovereign immunity should be without prejudice. *See United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 666 (5th Cir. 2019) ("Claims barred by sovereign immunity are dismissed without prejudice, not with prejudice."); *Block v. Tex. Bd. of L. Exam'rs*, 952 F.3d 613, 620 (5th Cir. 2020) (*quoting $4,480,466.16 in Funds*). The Court follows this direct guidance.

them are **DISMISSED without prejudice**. The Alumni Association's joinder [24] is **GRANTED** such that Seay's ADA claims, § 1983 claims, and state law claims against it are **DISMISSED without prejudice**. Seay may seek leave to amend his complaint within fourteen (14) days of the entry of this order.

    **SO ORDERED**, this 15th day of July, 2021.

                                      **/s/Debra M. Brown**
                                      **UNITED STATES DISTRICT JUDGE**